# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

MARK OSTERBACK,

      Plaintiff,

v.                                    Case No. 1:20-cv-84-AW-GRJ

MARK INCH, et al.,

      Defendants.

_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

Mark Osterback is an inmate in Florida DOC custody. He has a long history of litigation challenging DOC's practices—particularly policies dealing with bunk-spacing requirements. In this case, he sued the DOC Secretary, the prison warden, and the Florida Surgeon General, all in their official capacities. ECF No. 1 ¶¶ 1, 3. The crux of his complaint is that DOC and DOH are not enforcing regulations aimed at preventing overcrowding and the spread of communicable diseases, like COVID-19. He seeks declaratory and injunctive relief.

Osterback contends that DOH and DOC were once required to enforce certain state regulations regarding bunk-spacing and inmate-to-sanitary-fixture ratios in prison dorms. ECF No. 1 ¶¶ 9-11 (citing F.A.C. Rule 10D-7.005(7) (repealed); 7.007(3) (repealed)). He alleges that DOC "fraudulently requested repeal of [these] rule[s]," ECF No. 1 ¶ 13, and that the department secretaries "have entered into an active and continuing conspiracy by" repealing and amending the regulations,

1

lobbying state legislators for statutory changes, and "[f]ailing . . . to ensure maintenance of sanitary practices and policies in FDC facilities," ECF No. 1 ¶ 20. With the COVID-19 outbreak, Osterback suggests this issue has become more critical. ECF No. 1 ¶¶ 25-32. He alleges that overcrowding makes social distancing impossible and places him at increased risk. ECF No. 1 ¶¶ 29-31.

The defendants moved to dismiss, arguing that Osterback lacks standing, has not exhausted administrative remedies, and brings claims barred by res judicata and the statute of limitations. ECF Nos. 13, 26. The magistrate judge recommended dismissal without prejudice based on non-exhaustion. ECF No. 34. Osterback has filed objections, which I have considered de novo. ECF No. 37. I have also considered DOH's response to Osterback's objections. ECF No. 30.

To be sure, Osterback has filed multiple grievances about overcrowding over the years. ECF No. 29 at 148-244. His most recent grievance was filed in 2016, ECF No. 29 at 218, so unsurprisingly, none mentions COVID-19. But Osterback argues his claims are not COVID-specific. *See* ECF No. 37 at 5-6 ("The Covid pandemic is not the issue, it is just one of several potential 'communicable' or 'infectious diseases' that Plaintiff alleged he could contract, as a result of DOC dormitory population density.").[1] So, he argues, his failure to exhaust as to any COVID-19

---

[1] Osterback does raise concerns (or at least seek relief) unique to the pandemic. For example, he seeks a declaratory judgment that prison overcrowding "violates the Presidential and Gubernatorial orders requiring this in public places

issues is not a problem. He also argues that as to DOH, there is no administrative remedy available.

I agree with the magistrate judge that many of Osterback's allegations relate specifically to COVID protocols and that any claims based on those allegations have not been exhausted. Indeed, a fair reading of the complaint is that all current claims turn on the COVID situation. But some of Osterback's allegations arguably relate to general concerns about overcrowding, and some of those general concerns may have been the subject of fully exhausted grievances.

The complaint is not clear, but based on Osterback's representations that he wants to present claims not unique to COVID—claims he says have been exhausted through the prison grievance process—I conclude that he should be given an opportunity to amend.[2] *Cf. Jones v. Bock*, 549 U.S. 199, 222 (2007) ("A typical

---

and gatherings, thereby jeopardizing Plaintiff's health and placing it extreme risk of contracting airborne pathogens such as Covid-19, in violation of the state and federal constitutions." ECF No. 1 ¶ 37.

[2] As one example, Osterback appears to make a claim based on the repeal of or non-compliance with state administrative rules, ECF No. 1 ¶ 37(a)(iii), (c). He seeks the following:

(a)     [A] Declaratory Judgment that:

 . . .

(iii) The repeal of 64E-26.005(7) and 64E-26.007(3) has allowed open-bay dorms to become overcrowded, giving rise to unhealthy, unsafe living conditions and unnecessary exposure to airborne pathogens such as Covid-19, in violation of the state and federal constitutions.

PLRA suit with multiple claims . . . may combine a wide variety of discrete complaints, about interactions with guards, prison conditions, generally applicable rules, and so on, seeking different relief on each claim. There is no reason failure to exhaust on one necessarily affects any other.").

As to Osterback's argument that there is no available administrative remedy against DOH, this is no excuse for not exhausting. The PLRA requires full exhaustion "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); *see also Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998) ("Since exhaustion is now a pre-condition to suit, the courts cannot simply waive those requirements where they determine they are futile or inadequate."). The purpose of the exhaustion requirement is to "allow[] a prison to address complaints about the program it administers before being subjected to suit." *Jones*, 549 U.S. at 219; *accord Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005) ("Congress

--------------------------------

. . .

(c) A permanent injunction requiring that Defendants adhere to the sanitary fixture-to-inmate ratios of 64E-26.005(7) and the bunk spacing and alignment provisions of 64E-26.007(3) (as they existed prior to repeal) which were promulgated in response to federal civil rights litigation concerning inmate health and safety in state/local detention facilities.

ECF No. 1 ¶ 37.

intended to afford prison officials time to address grievances internally before allowing a prisoner to initiate a federal lawsuit."). So as DOH points out, regardless of who is ultimately responsible for enforcing inmate-spacing requirements, the complaint must first go through the prison grievance process. ECF No. 30 at 5-6 (citing *Vandiver v. Martin*, 48 Fed. App'x. 517, 519 (6th Cir. 2002)); *see also Jones*, 549 U.S. at 219 (noting that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances.").[3]

Osterback's other objections are all variations on the same theme: that he exhausted his claims "because he had been grieving and complaining (to both DOC and DOH) for decades [about] the lack of proper spacing and alignment of bunks." ECF No. 37 at 5. He says that he filed grievances in 2009 and 2016 about the overcrowding issues in his current complaint, and he acknowledges that he previously raised these claims in a suit against DOC and DOH in 2016. ECF No. 37 at 3 (citing *Osterback v. Rick Scott and Celeste Philip, M.D.*, Case No. 4:16cv105-MW/CAS, (N.D. Fla. 2016)); *id.* (Osterback's acknowledging "[t]here is essentially no difference between the claims in that case and that brought in the instant complaint, except the circumstance of the recent Covid-19 pandemic"). If he indeed

---

[3] Osterback also argues that DOC and DOH did not raise an exhaustion defense in his 2016 lawsuit. But exhaustion is an affirmative defense that can be waived, and the departments' not raising it in that case does not prevent them from raising it here. So Osterback's argument does not help here either.

makes such claims clear in a new complaint, he will likely face statute-of-limitations issues and other defenses. But that can wait until a clearer pleading is presented.

It is now ORDERED:

The report and recommendation (ECF No. 34) is adopted in part. The motions to dismiss (ECF Nos. 13, 26) are GRANTED. The complaint is dismissed without prejudice. Osterback may file an amended complaint within 14 days bringing only claims that were fully exhausted when he initiated this case. His failure to file an amended complaint will result in a final order of dismissal.

SO ORDERED on May 10, 2021.

s/ *Allen Winsor*
United States District Judge